Terry D. Avchen (*pro hac vice*)
Peter C. Sheridan (*pro hac vice*)
Andriy R. Pazuniak (*pro hac vice*)
GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP
Attorneys for Defendant Environmental Restoration, LLC
10250 Constellation Blvd., 19th Fl.
Los Angeles, California 90067
Telephone: (310) 553-3000

John A. Adams (Bar No. 0023)
E. Blaine Rawson (Bar No. 7289)
RAY QUINNEY & NEBEKER
Attorneys for Defendant Environmental Restoration, LLC
36 South State Street
Suite 1400
Salt Lake City, UT 84111
Telephone: (801) 532-1500

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE STATE OF UTAH,<br><br>Plaintiff,<br><br>v.<br><br>ENVIRONMENTAL RESTORATION, LLC; HARRISON WESTERN CORPORATION; KINROSS GOLD CORPORATION; KINROSS GOLD U.S.A., INC.; SUNNYSIDE GOLD CORPORATION; and GOLD KING MINES CORPORATION,<br><br>Defendants. | Case No. 2:17-cv-00866-TS<br><br>**DEFENDANT ENVIRONMENTAL RESTORATION, LLC'S MOTION TO TEMPORARILY STAY PROCEEDINGS PENDING DECISION ON MOTION TO TRANSFER FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS UNDER 28 U.S.C. § 1407 (EXPEDITED DECISION REQUESTED)**<br><br>Senior Judge Ted Stewart, U.S.D.J.<br><br>[Motion to Transfer under 28 U.S.C. § 1407 filed with the Judicial Panel on Multidistrict Litigation on December 11, 2017 (MDL No. 2824)] |

## **NOTICE OF MOTION**

Defendant Environmental Restoration, LLC ("ER"), by and through its counsel, Glaser Weil Fink Howard Avchen & Shapiro LLP and Ray Quinney & Nebeker, hereby moves the Court for an order temporarily staying this action in its entirety until ER's Motion to Transfer this action for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407 ("MDL Motion"), which ER filed with the Judicial Panel on Multidistrict Litigation ("JPML") on December 11, 2017, is decided.

This Motion is made on the grounds that (1) a temporary stay would promote judicial economy and efficiency by avoiding duplicative efforts by this Court and the transferee court if the MDL Motion is granted; (2) a temporary stay would avoid confusion and potentially inconsistent rulings; (3) a temporary stay would not prejudice Plaintiff; and (4) ER would be prejudiced by being exposed to duplicative proceedings if a temporary stay is not granted. In addition, at the request of Plaintiff State of Utah ("Plaintiff"), all parties to this action recently agreed to continue the Initial Pretrial Conference and related dates for submitting the pre-trial reports "in light of the pending motion to transfer before the MDL Panel which may vitiate the need for this Court to conduct the Initial Pretrial Conference." (Dkt. 80.) This same rationale applies to staying the entire action pending resolution of ER's MDL Motion.

ER further respectfully requests that the Court decide this Motion to Stay on an expedited basis. *See* DUCivR 37-1(a)(5).

This Motion is based on this Notice, the accompanying Memorandum in Support, Declaration of Peter C. Sheridan, the pleadings, records and papers on file in this action, and such other evidence as the Court may deem necessary for adjudication of this matter.

1

## MEMORANDUM IN SUPPORT OF ER'S MOTION TO STAY PENDING DECISION ON MDL MOTION

### I. INTRODUCTION

Plaintiff's action against Defendant Environmental Restoration, LLC ("ER") and the other defendants is the latest of four federal lawsuits arising from the release of allegedly hazardous substances from the Gold King Mine in Colorado ("Gold King") on August 5, 2015 (the "Release"). Just like the plaintiffs in the other three actions, Plaintiff alleges that the Release occurred while the U.S. Environmental Protection Agency ("EPA") was undertaking a removal action at Gold King to address acid mine drainage ("AMD") that had become impounded inside the abandoned mine behind a collapsed portal. (*See* Dkt. 2, Compl. ¶¶ 31–56.)[1]

In substance, the factual allegations in each lawsuit are the same. Due to the overlapping factual allegations and the inevitability that substantially similar legal issues would be raised in each action, ER filed a Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings under 28 U.S.C. § 1407 before the Judicial Panel on Multidistrict Litigation ("JPML") on December 11, 2017 (the "MDL Motion," Sheridan Decl. Ex. A). In filing the MDL Motion, ER seeks to avoid the possibility of multiple courts expending judicial resources on substantially similar matters and the prejudicial impact of inconsistent rulings on dispositive issues. Indeed, ER recently filed a Motion to Dismiss and Motion to Strike in this action (Dkt. 76) that raises substantially the same arguments that ER asserted in dispositive motions in the District of New Mexico, where each of the other cases arising from the Release are currently pending.

---

[1] The allegations are cited here to show the similarity of the operative alleged facts and claims for relief. By citing to them, ER does not admit, expressly or tacitly, any of the allegations, and reserves its right to contest such allegations.

2

In light of these circumstances, the Court should exercise its discretion to temporarily stay this action until the JPML decides ER's MDL Motion for four reasons. First, temporarily staying this action would promote judicial economy because it would avoid the possibility of the Court expending time and resources on a case that might be transferred to another district court. As all parties, including Plaintiff, acknowledged in a recent Joint Motion to Continue Initial Pretrial Conference and Related Dates (Dkt. 80), ER's MDL Motion "may vitiate the need for this Court to conduct the Initial Pretrial Conference" or take any other action in this case. Second, a temporary stay would protect ER against potentially inconsistent rulings on its pending dispositive motions and other pretrial matters that might arise in the other cases. Third, Plaintiff would not incur any prejudice as a result of a stay because this action is in its early stages and a stay would not interrupt any proceedings. Fourth, ER would be prejudiced if a stay is not granted because ER would have to duplicate litigation efforts in multiple actions in different courts.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. The New Mexico Actions

Prior to the present action, different plaintiffs (the State of New Mexico, Navajo Nation, and a group of fourteen residents) filed three separate actions in the District of New Mexico. All of these lawsuits, including this one, are based upon the Release. They are:

(i) State of New Mexico v. United States Environmental Protection Agency, et al., case no. 16-cv-465, which was filed on May 23, 2016;

(ii) Navajo Nation v. United States, et al., case no. 16-cv-931, which was filed on August 16, 2016, and later consolidated with the State of New Mexico action on November 28, 2016; and

(iii) McDaniel, et al. v. United States, et al., case no. 17-cv-710, which was filed on July 7, 2017 (collectively, the "New Mexico Actions").

Plaintiffs in all of the New Mexico Actions allege substantially the same underlying facts to support their claims against ER as Plaintiff here. In sum, plaintiffs allege (and ER disputes) that ER, an EPA contractor that was working under the supervision of EPA at all relevant times, triggered the Release by removing soil from around the Gold King portal. Plaintiffs also rely on the same factual allegations to claim that the former mine owner defendants (Kinross Gold Corporation, Kinross Gold U.S.A., Inc., and Sunnyside Gold Corporation) contributed to the alleged conditions inside the Gold King Mine.

ER and the other defendants in the State of New Mexico and Navajo Nation actions have filed motions to dismiss in those actions. In its dispositive motions in the New Mexico Actions, ER asserted substantially the same arguments that ER raised in the Motion to Dismiss and Motion to Strike that it filed in this action on December 18, 2017 (Dkt. 76). Specifically, ER argued that: (i) ER cannot be held liable as an operator, arranger or transporter under CERCLA; (ii) CERCLA preempts the plaintiffs' state law claims for unrestricted monetary damages; (iii) CERCLA strips federal courts of jurisdiction over plaintiffs' state law and RCRA claims because they "challenge" an ongoing EPA response action; (iv) ER is protected from state law liability under the "Government Contractor Defense"; and (v) ER and the other defendants cannot be held "jointly and severally" liable under state law because Colorado law applies as the law of the "point source" (Gold King) and Colorado has abolished "joint and several" liability.

On July 28, 2017, the District Court in the State of New Mexico and Navajo Nation actions ordered supplemental briefing on the motions to dismiss, specifically, on the issue of

whether the court had jurisdiction over certain of plaintiffs' claims under 42 U.S.C. § 9613(h). (Sheridan Decl. Ex. B.) In response to the court's order, the parties met and conferred, agreed to a briefing schedule, and conducted limited discovery on the jurisdictional issue. Documents were produced and a declaration from an EPA project manager was proffered describing the scope of EPA's ongoing response actions relating to the Release, Gold King and other mines in the Animas River watershed that are discharging AMD. Defendants submitted supplemental briefs addressing the jurisdictional issue on November 22, 2017, and plaintiffs have until December 22, 2017, to either respond to the supplemental briefs or seek leave for additional discovery.

### B. The Present Action

Plaintiff filed this action on July 31, 2017. (Dkt. 2.) ER was served with Plaintiff's Complaint nearly three (3) months later on October 26, 2017. In other words, Plaintiff was in no hurry to commence this action. To date, defendants, including ER, have filed motions to dismiss, and no discovery has been conducted.

### C. ER's MDL Motion

Due to the risk of inconsistent pretrial rulings, the likelihood of substantial duplication of work and expense by both the courts and the parties, and the overlapping factual allegations between the New Mexico Actions and this action, ER filed the MDL Motion with JPML on December 11, 2017, and submitted a copy of the MDL Motion to the Court. (Sheridan Decl. Ex. A.) In its MDL Motion, ER requests that JPML transfer this action to the District of New Mexico for coordinated or consolidated pretrial proceedings with the three New Mexico Actions, two of which have been pending for more than a year. Last week, the State of New Mexico sought an extension of time to respond to the MDL Motion and all parties, including ER, agreed.

### D. Stay of Initial Pretrial Conference and Related Dates

After ER filed its MDL Motion, Plaintiff's counsel sought a stipulation from the other parties to continue the Initial Pretrial Conference. All parties, including ER, agreed, and Plaintiff filed a joint motion on December 19, 2017 (Dkt. 80), which the Court granted (Dkt. 81).

In light of the joint motion, ER requested Plaintiff's consent to stay the entire action pending the resolution of ER's MDL Motion. Even though it had already acknowledged that ER's MDL Motion "may vitiate the need for this Court to conduct the Initial Pretrial Conference" (Dkt. 80), Plaintiff declined to consent to ER's request, citing counsel's need "to analyze" the defendants' motions to dismiss and the MDL Motion. (Sheridan Decl., Ex. C.)

### III. STANDARD FOR GRANTING A MOTION TO STAY

The Court has the "inherent power to grant a stay pending the result of other proceedings." *Christensen v. Target Corp.*, No. 13-CV-01136, 2014 WL 1224966, at *1 (D. Utah Mar. 24, 2014) (granting motion to stay proceedings pending resolution of a motion to transfer under 28 U.S.C. § 1407 before the JPML). *See also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (district courts have the power to grant a motion to stay proceedings in their discretion). Along with *Christensen*, other courts have frequently granted motions to stay pending resolution of a motion to transfer under 28 U.S.C. § 1407. *See, e.g., Avants v. Prospect Mortg., LLC*, No. 13cv0376, 2013 WL 11826548, at *3 (D.N.M. Oct. 9, 2013); *Asmann v. Dairy Farmers of Am., Inc.*, No. 12-1060, 2012 WL 1136865, at *5 (D. Kan. Apr. 4, 2012); *Thomas-*

*Walsh v. Merck & Co., Inc.*, No. 11-cv-2736, 2012 WL 75291, at *2 (D. Colo. Jan. 10, 2012); *Pace v. Merck & Co., Inc.*, No. CIV 04-1356, 2005 WL 6125457, at *2 (D.N.M. Jan. 10, 2005).

In deciding whether to stay an action pending the result of a motion to transfer under 28 U.S.C. § 1407, courts have considered the following factors: "(1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results, and (3) whether a stay would unduly prejudice the parties or create undue hardship." *Christensen*, 2014 WL 1224966 at *1. In addition, courts also consider "hardship and inequity to the moving party if the action is not stayed." *Avants*, 2013 WL 11826548, at *1. As set forth below, all of these factors weigh in favor of staying this action pending the resolution of ER's MDL Motion.

IV. **ARGUMENT**

   A. **A Stay Would Promote Judicial Economy and Efficiency.**

District courts have repeatedly recognized that staying proceedings that are the subject of a motion to transfer under 28 U.S.C. § 1407, such as this one, conserves judicial resources. *See, e.g.*, *Christensen*, 2014 WL 1224966, at *1 ("Because the motion before the JPML raises the possibility that the present action will be transferred to another district court for consolidated proceedings, this court finds that a stay would promote judicial economy."). Among other reasons, it would "be unnecessary for this Court to continue acquiring in-depth and detailed knowledge about this case" if the JPML transfers the action to another district court. *Asmann*, 2012 WL 1136865, at *5. Right now, barring a stay of the entire action, there is a distinct possibility that the Court will expend time and resources reviewing the defendants' motions to dismiss and other motions only to have this action be transferred by the JPML to another court. *See Avants*, 2013 WL 11826548, at *3 ("The Court will not expend its resources on efforts that

7

may later be changed by the JPML."). Ultimately, it would be a significant waste of time and expense for this Court to preside over litigation in this action with the possibility that efforts may need to be duplicated if the petition before the JPML is granted.

### B. A Stay Would Avoid Confusion and Potentially Inconsistent Rulings.

Currently, there is a possibility of inconsistent rulings on substantially similar dispositive motions in this action and the New Mexico Actions, which would prejudice ER and the other Defendants. ER and other Defendants have filed dispositive motions in two of the New Mexico Actions. ER has raised substantially similar arguments in response to Plaintiff's Complaint, which asserts claims arising from the same underlying events as the New Mexico Actions.

The similarity of the dispositive motions in the parallel New Mexico Actions justify ordering a stay in this case in order to avoid the prejudicial impact of potentially inconsistent rulings. *See Christensen*, 2014 WL 1224966, at *1 ("[S]taying the action will serve the additional purpose of preventing conflict between pre-trial rulings made by this court and subsequent decisions of the district court where the actions are consolidated."); *Asmann*, 2012 WL 1136865, at *5 (ordering a stay pending resolution of an MDL motion because a stay "would prevent inconsistent or redundant pretrial rulings should this matter be transferred to the MDL"); *Thomas-Walsh*, 2012 WL 75291, at *2 (ordering a stay pending an MDL motion in order to avoid inconsistent rulings on substantive motions).

If the JPML grants ER's MDL Motion and transfers and consolidates this action with the New Mexico Actions in the District of New Mexico, then that court will decide all dispositive motions and other pretrial matters. By not staying this action while ER's MDL Motion is

pending before the JPML, this Court would potentially create—rather than prevent—conflict and redundancy with the transferee court.

A stay in this case is particularly warranted because the State of New Mexico and Navajo Nation actions are further along than the present action. Indeed, the District of New Mexico ordered supplemental briefing and discovery on whether CERCLA strips the court of jurisdiction over certain claims, and the defendants have already filed their supplemental briefs.

C. **A Temporary Stay Would Not Prejudice Plaintiff.**

Federal courts have frequently granted stays pending resolution of a motion to transfer under 28 U.S.C. § 1407 where "there has not been a significant amount of activity" and the case "is in the early stages" because, as here, plaintiffs would not incur any prejudice as a result of the stay. *Avants*, 2013 WL 11826548, at *2. *See also Christensen*, 2014 WL 1224966, at *2 ("Because this litigation is still in its early stages and Target has a duty to preserve evidence, the court finds that plaintiffs will not be prejudiced by staying the action at this time.").

As set forth above, this case is in its nascent stages. No defendants have answered Plaintiff's Complaint and the Defendants' motions to dismiss have not been fully briefed. The parties have also not begun discovery. Indeed, at the request of Plaintiff, the parties recently stipulated to a substantial continuance of the Initial Pretrial Conference and related dates for submitting the pre-trial reports, tied to the date when the JPML decides ER's MDL Motion. (Dkt. 80.) Accordingly, staying this action would cause no further interruption in this proceeding, other than staying for the time being any consideration of the motions to dismiss (which are not yet fully briefed) and granting the motion would allow the parties to avoid duplicative motion practice that 28 U.S.C. § 1407 aims to avoid.

In addition, Plaintiff will not suffer any prejudice in the time it takes JPML to decide ER's MDL Motion. Indeed, Plaintiff waited nearly three months after filing its Complaint on July 31, 2017, before serving ER on October 26, 2017.

Moreover, any prejudice that Plaintiff might theoretically claim to have suffered as a result of a minimal delay beyond what Plaintiff has already caused (by waiting three (3) months to serve) and proposed (with respect to the Initial Pretrial Conference, which the Court has ordered) would be outweighed by the benefits of a stay, such as avoiding the unnecessary expense of time and efforts that may need to be duplicated in the transferee forum.

### D. ER Would Be Prejudiced If a Stay Is Not Granted.

If a stay is not granted in this case, then ER "would suffer undue hardship by having to repeat its litigation efforts in more than one forum." *Christensen*, 2014 WL 1224966, at *2. ER has already filed substantially similar dispositive motions in the New Mexico Actions and this action (and anticipates filing a similar motion in the McDaniel action). Accordingly, without a stay pending a ruling from the JPML, ER will be forced to litigate the same issues in multiple courts, thereby risking inconsistent rulings, all of which could be avoided by simply imposing a temporary stay until the JPML decides ER's MDL Motion.

### V. CONCLUSION

For the foregoing reasons, ER respectfully requests that the Court temporarily stay the proceedings in this case until the JPML decides ER's MDL Motion. ER also respectfully requests that the Court decide the Motion to Stay on an expedited basis after briefing is completed. An expedited decision granting the Motion would limit the amount of time and resources that the Court and the parties would have to expend on the pretrial motions.


DATED: December 21, 2017

GLASER WEIL FINK HOWARD
 AVCHEN & SHAPIRO LLP

By: /s/ Terry D. Avchen

| | |
|---|---|
| Terry D. Avchen (*pro hac vice*) | John A. Adams (Bar No. 0023) |
| Peter C. Sheridan (*pro hac vice*) | E. Blaine Rawson (Bar No. 7289) |
| Andriy R. Pazuniak (*pro hac vice*) | RAY QUINNEY & NEBEKER |
| 10250 Constellation Blvd., 19th Fl. | 36 South State Street |
| Los Angeles, California 90067 | Suite 1400 |
| Telephone: (310) 553-3000 | Salt Lake City, UT 84111 |
| Email: tavchen@glaserweil.com | Telephone: (801) 532-1500 |
| Email: psheridan@glaserweil.com | Email: jadams@rqn.com |
| Email: apazuniak@glaserweil.com | Email: brawson@rqn.com |

*Attorneys for Defendant Environmental Restoration, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ Andriy R. Pazuniak